IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MORENA,            :        No. 05cv895
                            :
          Petitioner        :        (Judge Jones)
                            :
          v.                :
                            :        (Magistrate Judge Blewitt)
ALBERTO GONZALES, et al.,    :
                            :
          Respondents.      :

## MEMORANDUM AND ORDER

### June 6, 2005

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 2, 2005, Petitioner Vincenzo Morena ("Petitioner" or "Morena")

filed, through counsel, a Petition for Writ of Habeas Corpus ("the Petition")

pursuant to 28 U.S.C. § 2241 in which he seeks release from confinement,

asserting that his continued detention violates the Constitution and claims that he

has been denied proper medical care.  (See Rec. Doc. 1).

This case was referred to Magistrate Judge Thomas M. Blewitt for

preliminary review.  On May 10, 2005, Magistrate Judge Blewitt issued a Report

and Recommendation within which he concluded that to the extent that the Petition

asserts an Eighth Amendment denial of medical care claim, it be dismissed without

prejudice as Petitioner may file it in a section 1331 *Bivens* action after applicable

1

administrative remedies are exhausted.  Magistrate Judge Blewitt also

recommended that the case be remanded to him for further proceedings, including

service of the Petition on Respondents.  (See Rep. & Rec. at 8-9).

Objections to the Magistrate Judge's Report were due on May 27, 2005 and

to date none have been filed.  This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

As the Magistrate Judge provided a detailed summary of the factual

background and procedure history of the case sub judice, we will provide a brief

summary at this juncture.  Petitioner is a detainee of the Bureau of Immigration and

Customs Enforcement ("BICE") who is presently confined at the Clinton County

Prison in McElhattan, Pennsylvania.  In March 2001, Petitioner was convicted of

the crime of racketeering in violation of 18 U.C.S. § 1962(d) in the United States

District Court for the Eastern District of New York and sentenced to 51 months

imprisonment.  (See Rep. & Rec. at 1).  Petitioner asserts that on November 4,

2003, an Immigration Judge ordered Petitioner removed and that the BIA denied

his subsequent appeal without opinion.

Petitioner filed a Petition for Writ of Habeas Corpus in the District Court for

the Eastern District of New York on April 24, 2004, in which he challenged the

decision of the BIA to remove him.  See id. at 2.  On April 11, 2005, the District

Court in New York, in part, denied Petitioner's claim regarding his continued

detention and denial of medical care without prejudice to file them in the Middle

District of Pennsylvania, his place of confinement.  As the Magistrate Judge

explained, Petitioner's remaining stated claims, including his challenge to the

Removal Order, is still pending in his habeas corpus petition with the New York

District Court.  The record reflects that Petitioner's request for a stay of removal he

filed in the Eastern District of New York was granted and that his custody will be

reconsidered if the stay is not lifted within one year or when the stay is lifted.  Id.

at 2-3.

Petitioner then filed the instant Petition.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit,

however, "the better practice is to afford some level of review to dispositive legal

issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987).  When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

**DISCUSSION:**

3

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, to the extent that the Petition seeks a stay of deportation, this request is not properly before this Court, as Petitioner's removal was previously stayed by United States District Judge Carol Bagley Amon in the Eastern District of New York.[1]

Second, with regard to Petitioner's challenge to the prison's alleged failure to provide him with proper medical care, we agree with the Magistrate Judge's determination that this is an Eighth Amendment denial of medical care claim.  The afore-mentioned Eighth Amendment claim shall be dismissed without prejudice and Petitioner is directed to file this claim in a civil rights complaint pursuant to 28 U.S.C. § 1331, in accordance with <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), after applicable administrative remedies have been exhausted, because this Eighth Amendment denial of medical care claim is not deemed to be a proper habeas corpus claim.  (<u>See</u> Rep. & Rec. at 4-8).  A civil rights complaint is the proper way to proceed when a federal prisoner or

---

[1] As the Magistrate Judge stated, Petitioner's challenge to the IJ's removal order and to the BIA's order denying his appeal remain with the Eastern District of New York.  (<u>See</u> Rep. & Rec. at 2).

detainee is challenging the conditions of his confinement, rather than challenging

the fact or duration of his physical confinement itself.  See e.g., Preiser v.

Rodriguez, 411 U.S. 475 (1973); Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).

Third, we are in agreement with the Magistrate Judge that to the extent the

Petition seeks Morena's immediate release from his continued detention by BICE,

this claim may proceed in his Petition and the case will be remanded to the

Magistrate Judge with respect to this issue.[2]  Id. at 6.

Our review of this case confirms Magistrate Judge Blewitt's determinations

and we have not been presented with any reason to revisit them.  Because we find

no error in Magistrate Judge Blewitt's Report and Recommendation and because

no objections have been filed, we will adopt it as our own for the reasons cited

herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

---

[2] We do note that on May 11, 2005, the Real ID Act was signed into law.  Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Pub.L.No. 109-13 (May 11, 2005)("Real ID Act").  Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this Court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242 (a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).  The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).

As we previously explained, to the extent that the Petition seeks a stay of deportation, Petitioner's request is not properly before this Court.  To the extent that Petitioner contends that his continued detention violates Zadvydas v. Davis, 533 U.S. 678 (2001), this Court should retain jurisdiction over this claim.  Therefore, pursuant to the Real ID Act, this Court need not transfer any portion of the Petition to the appropriate appeals court.

1.     Magistrate Judge Blewitt's Report and Recommendation (doc. 5) is

       granted in its entirety.

2.     To the extent that the Petition requests a stay of deportation, the claim

       is denied as moot for the reasons cited herein.

3.     To the extent that the Petition asserts an Eighth Amendment denial of

       medical care claim, it shall be dismissed without prejudice and

       Petitioner may file it in a section 1331 *Bivens* action after applicable

       administrative remedies have been exhausted.

4.     The case shall be remanded to the Magistrate Judge for further

       proceedings.

                                          s/ John E. Jones III
                                          John E. Jones III
                                          United States District Judge