IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MORENA, | : | |
| | : | CIVIL ACTION NO. 4:CV-05-0895 |
| Petitioner | : | A# 30-915-454 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| ALBERTO R. GONZALES, <u>et al.</u>, | : | (Magistrate Judge Blewitt) |
| | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

December 2, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 2, 2005, Petitioner Vincenzo Morena ("Petitioner" or "Morena"), through counsel, filed a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. In his Petition, Morena, who is detained at the Clinton County Prison, challenges the constitutionality of his continued detention by United States Immigration and Customs Enforcement ("ICE"), and seeks release from confinement.

The Petition was initially referred to United States Magistrate Judge Thomas M. Blewitt. On June 6, 2005, this Court adopted Magistrate Judge Blewitt's Report and Recommendation to dismiss an Eighth Amendment Claim that Morena had raised in his original Habeas Petition. The following day Morena filed an

Amended Petition for Writ of Habeas Corpus ("Amended Petition") with exhibits. (Rec. Doc. 9.)

On October 4, 2005, Magistrate Judge Blewitt issued a seventeen page Report and Recommendation, which recommended that Morena's Amended Petition be denied.

On October 21, 2005, Petitioner filed objections to the Report and Recommendation. This matter is therefore ripe for disposition. The Court will address Petitioner's objections and adopt the Magistrate Judge's Report and Recommendation, thereby dismissing Morena's Amended Petition and closing the case.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion,

chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL BACKGROUND:**

We briefly reiterate the relevant facts of this case. Petitioner is a native and citizen of Italy and entered the United States as a lawful permanent resident as an infant in 1973. On March 30, 2001, Petitioner was convicted of Racketeering in violation of 18 U.S.C. § 1962(d), in the United States District Court for the Eastern District of New York. (Rec. Doc. 26-2, Ex. C.) Morena was sentenced to fifty-one (51) months imprisonment. Id. As a result of his conviction, removal proceedings were commenced on July 23, 2001, when the then-INS served Morena with a Notice to Appear. (Rec. Doc. 26-2, Ex. A). The Notice to Appear charged that Morena was removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as an alien who had been convicted of an aggravated felony as defined in § 101(a)(43) of the INA.

On November 4, 2003, an Immigration Judge ("IJ") sitting in Philadelphia, Pennsylvania ordered Morena removed from the United States to Italy. (Rec. Doc. 26-2, Ex. D.) Morena appealed this decision to the Board of Immigration Appeals ("BIA"). On March 25, 2004, the BIA summarily denied his appeal. (Rec. Doc.

26-2, E.)

On April 15, 2004, Morena filed a Petition for Writ of Habeas Corpus seeking to challenge his removal in the United States District Court for the Eastern District of New York. Morena v. Ashcroft, No. 04-1551 (E.D.N.Y.) (Amon, J.) On April 21, 2004, Morena was granted a temporary stay of deportation pending resolution of Petitioner's claims in his petition filed in the Eastern District of New York. By an order dated October 3, 2005, Morena's petition filed in the Eastern District of New York was transferred to the United States Court of Appeals for the Third Circuit. Morena v. Aschroft, No. 04-1551, Rec. Doc. No. 41 (E.D.N.Y. Oct. 3, 2005) (Amon, J.); see also Morena v. Atty Gen. U.S., No. 05-4494 (3d Cir. 2005). Morena's stay was not lifted when the case was transferred.

ICE conducted a custody review of Morena in September 2004, and issued an order on or about November 24, 2004 that found that Morena should remain in ICE custody during the pendency of the judicial review. (Rec. Doc. 10-2, Ex. H.) ICE reiterated that Morena was found removable on the basis of his conviction of an aggravated felony, found that Morena had a violent criminal conviction with a weapon, and stated that on that basis he may pose a threat to society. Id. ICE also noted that a travel document and removal will easily be obtained once the stay of removal is lifted. Id. Finally, ICE informed Morena that if the stay was not lifted

4

within a year of the November 2004 order, he would be scheduled for a Post-Order Custody Review and served with a Notice to Alien of File Custody Review.

During the pendency of his petition in the Eastern District of New York Morena filed the instant Petition challenging his continued detention in Clinton County Prison.

**DISCUSSION:**

Petitioner has filed two objections to the report and recommendation which will be the subject of the narrative that follows.

### A. Petitioner's Removal Period has Not Yet Expired

The Magistrate Judge found that "since Petitioner's removal period has not yet expired, the Attorney General may detain him under 8 U.S.C. § 1231(a)(6), and his detention does not violate the Constitution or the Supreme Court's decision in Zadvydas." (Rep. & Rec. at 11.)  Morena objects to this finding asserting that the Magistrate Judge "limits his holding to a strict interpretation of the statute and regulations, and implies that since Mr. Morena is within the removal period, his continued detention cannot possibly be unconstitutional." (Rec. Doc. 30, at 5.)  He then asserts that the Magistrate Judge has failed to address the question presented in this case - "whether the due process clause of the Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard on the questions of

conditional release pending judicial review of an administrative removal, the execution of which has been stayed by judicial order." (Rec. Doc. 30, at 5.)[1]

First, we agree with Magistrate Judge Blewitt that Petitioner's removal period has not yet expired, and under the plain language of 8 U.S.C. § 1231(a)(1)(B)(ii), it has not yet begun.  See also Singh v. Gonzales, 2005 WL 2783248, *4 (E.D. Pa. Oct. 24, 2005).  Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  After a final order of removal the Attorney General has ninety days to remove an alien from the United States.  8 U.S.C. § 1231(a)(1)(A).  Detention is mandatory during this ninety-day period.  8 U.S.C. § 1231(a)(2). Section 1231(a)(1)(B) provides that the removal period begins to run on the <u>latest</u> of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8

---

[1] Petitioner states that this would be an extension of the holdings of Zadvydas v. Davis, 533 U.S. 678 (2001) and Demore v Kim, 538 U.S. 510 (2003).

U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. § 1231(a)(1)(B). Zadvydas is inapplicable to Petitioner, nor should its reasoning be extended to a criminal alien who has sought judicial review of an administrative order of removal.

During the administrative removal proceedings Morena's detention as an alien convicted of an aggravated felony was mandatory, proper, and constitutional. See 8 U.S.C. § 1226(c)(1)(B) (authorizing mandatory detention of aliens convicted of aggravated felonies); Demore v. Kim, 538 U.S. 510, 531 (2003) (upholding the mandatory detention provision of 8 U.S.C. § 1226(c) as constitutional). Morena asserts that because he has sought judicial review of the administrative removal order, which has stayed execution of the order and his removal from the country, he should be entitled to release from custody. This is simply legally incorrect and logically inconsistent with the framework of the immigration laws and regulations.

Detention of aliens is governed under two different provisions of the INA, as detailed below.

> The determination of when an alien becomes subject to detention under INA § 241 rather than INA § 236 is governed by INA § 241(a)(1). Pursuant to § 241(a)(1)(B)(ii), "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien [pending review]," then the removal period begins on "the date of the court's final order." Accordingly,

7

> <u>where a court issues a stay pending its review of an administrative removal order, the alien continues to be detained under § 236 until the court renders its decision.</u>

<u>Wang v. Ashcroft</u>, 320 F.3d 130, 147 (2d Cir. 2003) (emphasis added).

It is undisputed that Morena's continued detention has occurred while he has had the benefit of a judicial stay that has not yet been lifted. Morena's detention is still mandatory under 8 U.S.C. § 1226(c)(1)(B). See <u>Clavis v. Ashcroft</u>, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003); <u>Milbin v. Ashcroft</u>, 293 F. Supp. 2d 158, (D. Conn. 2003); <u>Lovell v. I.N.S.</u>, 2003 WL 22282176 (E.D.N.Y. May 21, 2003); <u>see</u> <u>also</u> <u>Quezada-Bucio v. Ridge</u>, 317 F. Supp. 2d. 1221, 1223 (W.D. Wa. 2004) (discussing transition from detention under INA § 236 and INA § 241 and holding "an alien is not subject to INA § 241 detention until the removal period begins"); <u>Yang v. Chertoff</u>, 2005 WL 2177097, *3 & n.6 (E.D. Mi. Sept. 8, 2005) ("when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture under subsection (i) [of 8 U.S.C. § 1231, INA § 241] to a non-final removal posture under subsection (ii) [of 8 U.S.C. § 1231, INA § 241]).

Morena, an alien subject to mandatory detention during his removal proceedings, is not entitled to be released pending judicial review of the

administrative removal order.[2]  Morena's claim of indefinite detention is premature, as his removal period has not yet begun.  We thus decline Morena's request to extend the current state of the law.

### B.  Petitioner Has Had Meaningful Custody Reviews

Petitioner's second objection asserts that the Magistrate Judge erred in determining that he had meaningful custody reviews by ICE and that Morena's removal to Italy is reasonably foreseeable once the stay is lifted.  Morena received a custody review in September 2004 and a decision denying his release was issued in November 2004.  In that order ICE noted that a stay had been granted in Morena's case and that if the stay was not lifted within a year Morena would be entitled to a Post-Custody Order of Review.  At that time ICE noted Morena would have another opportunity in a year for a review.

First, we note that Petitioner relies on a line of cases which assert that an alien with a stay of a final order of removal is entitled to a custody review under the procedures set forth in 8 C.F.R. § 241.4.  See Haynes v. Dep't Homeland Security, No. 05-339, 2005 WL 1606321 (M.D. Pa. July 8, 2005) (Vanaskie, C.J.) (Haynes I); see also Oyedeji v. Ashcroft, 332 F. Supp. 2d 747, 753 (M.D. Pa.

---

[2] The Magistrate Judge states that the Attorney General may detain Petitioner pursuant to 8 U.S.C. § 1231(a)(6) because that provision applies to aliens "detained beyond the removal period."  As we have previously noted, Morena's removal period has not yet begun, and his current detention is governed by 8 U.S.C. § 1226.

2004) (Vanaskie, C.J.).  We agree with the Magistrate Judge that the facts of Morena's case are distinguishable from Oyedeji and Haynes.  Morena has received a meaningful custody review by ICE, and was scheduled to receive another review in November 2005.

As we have noted in the previous section, if Morena is governed by the detention provisions of 8 U.S.C. § 1226 during the pendency of his stay of removal, which we believe he is, his detention is mandatory under the language of the statute.  See 8 U.S.C. § 1226(c)(1)(B).  In Haynes I, our colleague Chief Judge Vanaskie acknowledged that other courts have considered detention during a stay pending review of an administrative removal order to be a detention authorized under INA § 236.  See Haynes I, 2005 WL 1606321 at *3.  After acknowledging that position, Judge Vanaskie addressed the constitutional dimension of whether the Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard on the question of conditional release pending judicial review of a stayed administrative removal order.  Judge Vanaskie noted that the Supreme Court's holding in Demore, 538 U.S. 510, which authorized mandatory detention for certain aliens under INA § 236, did not squarely address the situation of a criminal alien who acquires a stay pending judicial review of the administrative order, and directed ICE to conduct meaningful custody reviews consistent with 8 CFR §

241.4.[3]  When the government failed to conduct a personal interview of the alien during his custody review, as previously directed, Judge Vanaskie ordered him released from custody.  Haynes v. Dep't Homeland Security, No. 05-339, 2005 WL 2452091 (M.D Pa.. Oct. 4, 2005) (Vanaskie, C.J.) (Haynes II).

We recognize that this area of law is far from settled, however, we do not believe Morena is entitled to any greater reviews than those that ICE has already provided him.  Accordingly, we are not persuaded by Haynes I.  The custody reviews Morena has been provided satisfy due process.  Morena is not governed by

---

[3] In support of his decision Judge Vanaskie cites to Justice Kennedy's concurring opinion, necessary for the fifth vote in Demore for the assertion that a lawful permanent resident "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Haynes I, 2005 WL 1606321, at *4 (quoting Demore, 538 U.S. at 532) (Kennedy, J., concurring)).

However, we find the language in the majority opinion to be more persuasive, that even for an alien pursuing an appeal, mandatory detention is permissible.  The majority opinion noted in the following footnote that:

> Respondent contends that the length of detention required to appeal may deter aliens from exercising their right to do so. . . . As we have explained before however, "the legal system . . . is replete with situations requiring the making of difficult judgments as to which course to follow," and, even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices.

Demore, 538 U.S. at 530 n.14 (citations omitted).

The above language is very persuasive that aliens with stays pending the outcome of their appeal of administrative decisions were considered when the Court found that Fifth Amendment Due Process did not prohibit the mandatory detention provisions of 8 U.S.C. § 1226.

11

the terms of 8 C.F.R. 241.4, because that regulation governs certain aliens who are detained beyond the removal period. As we noted in the previous section Morena's removal period has not yet begun. See 8 U.S.C. § 1231(a)(1)(B)(ii). Morena's continued detention does not violate due process, and his Petition is accordingly premature.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (doc. 29) is adopted and incorporated to the extent it is consistent with the reasoning of this order.

2. Morena's Original Petition (doc. 1) is dismissed as moot.

3. Morena's Amended Petition for a Writ of Habeas Corpus (doc. 9) is dismissed.

4. The clerk is directed to close the case file.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge